UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

Case: 1:23−mc−00013
Assigned To : Kollar−Kotelly, Colleen
Assign. Date : 1/31/2023
Description: Misc.

| | |
|---|---|
| WSOU INVESTMENTS, LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SALESFORCE.COM, INC.,<br><br>　　　　　Defendant. | Case No. _____<br><br>Pending in the Western District of Texas, Waco Division<br>Case No. 6:20-cv-01163-ADA<br>Case No. 6:20-cv-01164-ADA<br>Case No. 6:20-cv-01165-ADA<br>Case No. 6:20-cv-01166-ADA<br>Case No. 6:20-cv-01167-ADA<br>Case No. 6:20-cv-01168-ADA<br>Case No. 6:20-cv-01169-ADA<br>Case No. 6:20-cv-01170-ADA<br>Case No. 6:20-cv-01171-ADA<br>Case No. 6:20-cv-01172-ADA |

### SALESFORCE, INC.'S MOTION TO COMPEL
### COMPLIANCE WITH SUBPOENA *DUCES TECUM* AND *AD TESTIFICANDUM*

In accordance with Federal Rules of Civil Procedure 26, 37, and 45, Salesforce, Inc. ("Salesforce") respectfully moves for an order compelling OCO Capital Partners LP ("OCO Capital") to comply with Salesforce's subpoena *duces tecum* and *ad testificandum* in *WSOU Investments, LLC v. Salesforce, Inc.*, Case Nos. 6:20-cv-01163 to -01172 (W.D. Tex.).

This Motion is based upon the accompanying Memorandum of Points and Authorities, the Declaration of Olga Slobodyanyuk ("Slobodyanyuk Decl."), the Declaration of Jared Kneitel, the attached exhibits, and any further evidence and arguments the Court chooses to consider. As required by Local Civil Rule 7(m), counsel for Salesforce certifies that it has made a reasonable effort to meet and confer with counsel for OCO Capital regarding the matters set forth in this Motion to resolve the dispute without court intervention. *See* Slobodyanyuk Decl., ¶¶ 7-15.



RECEIVED
JAN 31 2023
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **INTRODUCTION**

WSOU Investments, LLC ("WSOU Investments") is a patent holding company that has ten pending patent-infringement lawsuits against Salesforce in the Western District of Texas. In that litigation, Salesforce served a subpoena on OCO Capital, the investment manager of a Cayman Islands limited partnership that is the second largest shareholder of WSOU Investments.

The discovery sought from OCO Capital generally relates to a case-dispositive license defense that arises from a settlement and license agreement that Salesforce signed with Uniloc, a different patent holding company founded by the same individual that founded WSOU Investments, Craig Etchegoyen. ███████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
███████████████████
     ████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

███████████ Thus, the interpretation of the operating agreement, ███████████ ███████████████████████ and other agreements between WSOU Investments and its lenders and/or members ███████████████████████████████ are squarely relevant to this key issue.

Salesforce's subpoena seeks documents and testimony concerning (i) the negotiation, drafting, and interpretation of the operating agreement provisions █████████████ ███████████ (ii) ████████████████████████████████████████, and (iii) ████████████████████████████████████████████████████. OCO Capital has asserted a host of boilerplate, general objections that fail to provide any specifics as to purported lack of relevance, burden, proportionality, etc. with respect to the actual document requests and deposition topics at issue, and based thereon, refused to produce any documents or testimony. Despite good faith attempts to meet-and-confer, OCO Capital has refused to comply with any part of the subpoena. Accordingly, the Court should overrule OCO Capital's objections and order it to comply with the subpoena in full.

## II.     FACTUAL BACKGROUND

### A.     WSOU Investments' Patent Lawsuits Against Salesforce

This Motion arises out of ten patent infringement lawsuits filed by WSOU Investments—a non-practicing patent monetization entity—against Salesforce in the United States District Court for the Western District of Texas. *WSOU Investments, LLC v. Salesforce, Inc.*, Case Nos. 6:20-cv-01163 to -01172 (W.D. Tex.) (the "WSOU Patent Litigation"). Since March 2020, WSOU Investments has filed around 200 patent infringement lawsuits against at least 17 defendants. *See* Ex. 1 at 2. ███████████████████████████████████████████████████████ ███████████████████████

3

████████████████████████████████████████████████████████████████

████████████████████████████████████████████

    **B.**    **Salesforce Asserted a License Defense Based On** ██████████████
████████████

        **1.**    **The Prior Settlement and Patent License Agreement Between Uniloc and Salesforce Granted Salesforce a License to Future Patents That** ████████████████████████████████████████████████

Before he was the chairman of WSOU Investments, Mr. Etchegoyen founded and operated Uniloc, "a global network of various companies . . . that was one of the most active filers of patent lawsuits," including hundreds of patent cases in the United States. Ex. 4 ¶¶ 10-11. Salesforce and one of its subsidiaries were defendants in two of these patent cases. Uniloc and Salesforce settled these cases in a "Confidential Settlement and Patent License Agreement" ("License Agreement") executed on December 29, 2016. Ex. 5 at 14. ████████████████████████████████

████████████████████████████████████████████████████████████████

█ ████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████' ██████████████

---

[1] All emphases to quotations are added unless otherwise noted.
[2] ████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████

4

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

Salesforce has asserted a license defense in the WSOU Patent Litigation based on the License Agreement ███████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████████  ████████████████  As a result, the court granted Salesforce's request to compel WSOU Investments to produce "[d]ocuments that are relevant to Mr. Etchegoyen's control of WSOU [Investments], including control of WSOU Holdings, LLC . . . , WSOU Capital Partners, LLC . . . , and Orange Holdings[.]" Ex. 7 at 1.  ████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████

**2.  Mr. Etchegoyen Appears to Have Control of** ██████████████████

The evidence adduced to date in the WSOU Patent Litigation strongly indicates that ██████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████  ████████

███████████████████████████████████████████████████████

5



The OCO Fund, BP Funding Trust, and an Oaktree affiliate had all lent money to WSOU Investments in return for a security interest in its patents—including the asserted patents in the WSOU Patent Litigation—and these loans and security interests were memorialized in three sets of loan and security agreements. *See* Exs. 9-11.[4]



---

[4] WSOU Investments produced the Patent Security Agreements but not the loan or security agreements referenced therein.
[5] *See* Exs. 8, 12-13.
[6] *See* Exs. 9-11.

### C. The Subpoena Seeks Discovery of Documents and Testimony Concerning ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

On November 18, 2022, in accordance with Fed. R. Civ. P. 45(a)(4), Salesforce served notice of the subpoena to OCO Capital on WSOU Investments. The subpoena seeks, in relevant part, the following:

- Documents and communications concerning the negotiation, drafting, and interpretation of the WSOU Investments operating agreements. Ex. 15, Requests 3, 8, 11, 13, 15, 18-20, 23-26.

- Documents and communications concerning the relationship between ▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬, including ▬ roles, rights, authority, duties, and responsibilities with respect to WSOU Investments. *Id.*, Requests 11, 13, 15, 20, 23-26.

- Documents and communications concerning the ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *Id.*, Requests 3-5, 8-11, 13, 15-16, 18-21, 25, 28, 30-31.

- Testimony concerning the aforementioned documents and communications. *Id.*, Topics 1-3, 6-8, 11-12, 14, 16, 18, 20, 22-26, 32.

OCO Capital was served with the subpoena on November 21, 2022. Ex. 16.

### D. OCO Capital Objects to Producing Documents and Testifying At a Deposition

On November 30, 2022, OCO Capital served responses and objections to the subpoena. Ex. 17. In its response, OCO Capital refused to produce any documents or designate a witness to testify at a deposition. *See id.* at 1-80. Instead, OCO Capital asserted a host of objections, almost all of which are boilerplate objections with no explanation of how they apply to each document request and deposition topic. *See id.* OCO Capital's response recites the following boilerplate objections (grouped by topic) to every document request and deposition topic:

- <u>relevance</u>: "not relevant to any claim or defense in [the WSOU Patent Litigation]"; "seeks information the [W.D. Texas] Court has already found irrelevant and/or not discoverable"; "seeks information not relevant to any party's claim or defense, nor proportional to the needs of the case";

- <u>vague, ambiguous</u>: "vague and ambiguous"; "overly broad, burdensome, harassing, oppressive, vague, and ambiguous as to the meaning of" one or more terms;

- <u>overly broad, unduly burdensome, harassing, oppressive</u>: "seeks from [OCO Capital] . . . materials and testimony that [Salesforce] can obtain from other sources, including public sources or parties to the litigation"; "this request is oppressive, burdensome and harassing as the [documents/information] requested can be sought from a party or other source without the need to seek them from [OCO Capital]"; "overly broad, unduly burdensome, and [i]s not reasonably calculated to lead to the discovery of admissible evidence"; "overly broad, burdensome, harassing, oppressive, vague, and ambiguous as to the meaning of" one or more terms; "the instructions and definitions . . . seek to impose obligations beyond those contemplated by law and/or the Federal Rules of Civil Procedure";

- <u>confidentiality and privacy</u>: the request or topic "calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, [documents/information] that [are/is] shielded from [production/disclosure] by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges";

- <u>privilege</u>: "attorney-client privilege, work product doctrine, the common interest doctrine, or any other applicable law, privilege, or protection";

- <u>defective service</u>: "improper service of process";

*See id.*

OCO Capital's response also sets forth the following objections while citing legal authority:

- "the [W.D. Texas] Court's Order Governing Proceedings does not require e-discovery";

- "license negotiations . . . are not discoverable" under E.D. Tex. case law;

- "[Salesforce] did not make any attempt to confer in good faith with [OCO Capital] concerning the 'matters for examination' as required under Rule 30(b)(6)";

9

*See id.* at 2-3.[7]

On December 5, 2022, counsel for Salesforce and OCO Capital met and conferred via telephone conference regarding the subpoena. Slobodyanyuk Decl. ¶¶ 7-9. Counsel for OCO Capital had already received a copy of the License Agreement and counsel for Salesforce had explained to him the basis of Salesforce's license defense in a previous meet-and-confer when he represented other entities concerning similar subpoenas. *Id.* ¶¶ 3-4, 11; Ex. 18 (12/6/22 M. Pietz email). But counsel for OCO Capital asserted that "its [*sic*] not [him] [Salesforce] need[s] to explain it to," and instead insisted that Salesforce must explain the basis of its license defense to OCO Capital. Slobodyanyuk Decl. ¶ 11; Ex. 18 (12/6/22 M. Pietz email). Following the WSOU Patent Litigation court's December 21, 2022 ruling granting Salesforce's request to compel documents related to the ownership or control of WSOU Investments' majority stakeholders in view of Salesforce's license defense, Salesforce requested another meet-and-confer "to see if the parties can reach an agreement on the production of documents and a deposition to narrow the scope of the parties' disputes." Slobodyanyuk Decl. ¶ 14; Ex. 18 (12/23/22 I. Wang email). OCO Capital refused to meet and confer "[u]nless and until [Salesforce] ha[s] articulated [its] theories in some more detail and supported them with evidence" beyond the detailed explanations

---

[7] Orange did not assert an objection based on a lack of compensation from Salesforce for the costs of complying with the subpoena but has indicated that "[t]o the extent that [Orange] provides any information in response to this or any other subpoenas in this matter, [Orange] will expect compensation from [Salesforce]." Ex. 17 at 3. The case law cited by Orange are inapposite because they rely on an earlier version of Fed. R. Civ. P. 45 that is no longer in effect. To the extent that Orange seeks to object to the subpoena based on the cost of compliance, it bears the burden of demonstrating that compliance with the subpoena would impose an undue expense. *See Fairholme Funds, Inc. v. Fed. Hous. Fin. Agency*, No. 1:13-cv-1053-RCL, 2019 WL 5864595, at *2 (D.D.C. Nov. 8, 2019) ("Vague and conclusory assertions are not sufficient; rather, a showing of undue burden 'must be specific' and concrete."); Fed. R. Civ. P. 45(e)(1)(D).

Salesforce has already provided in multiple telephonic meet and confers. Slobodyanyuk Decl. ¶ 15; Ex. 18 (12/27/22 M. Pietz email).

## III.   LEGAL STANDARD

Fed. R. Civ. P. 45 provides that—via a subpoena—a party may command a non-party to (i) produce documents in its possession, custody, or control and (ii) attend and testify at a deposition. Fed. R. Civ. P. 45(a)(1)(A)-(B). "Federal Rule of Civil Procedure 26 provides the relevance standard for Rule 45 subpoenas." *Stati v. Kazakhstan*, Civil Action No. 14-1638 ABJ/DAR, 2020 WL 3259244, at *4 (D.D.C. June 5, 2020). Under this standard, "[a] party may . . . issue a subpoena 'regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.'" *Id.* (quoting Fed. R. Civ. P. 26(b)(1)). "The party moving to compel production of documents bears the initial burden of explaining how the requested information is relevant." *Jewish War Veterans of the U.S. of Am., Inc. v. Gates*, 506 F. Supp. 2d 30, 42 (D.D.C. 2007). "Once that showing is made, however, the burden shifts to the objecting party to explain why discovery should not be permitted." *Id.*

## IV.   ARGUMENT

OCO Capital should be compelled to comply with the subpoena in full because it seeks discovery relevant to Salesforce's license defense, and OCO Capital's objections are (i) boilerplate objections insufficient to meet their burden of establishing that the requested discovery should not be had, (ii) meritless, or (iii) inapplicable given the established facts and court rulings in the WSOU Patent Litigation.

### A.   Salesforce's Subpoena Seek Discovery Relevant to Its License Defense

The subpoena seeks documents and testimony relevant to Salesforce's license defense. As explained above, documents and communications concerning a) the negotiation, drafting, and

11

interpretation of the WSOU Investments operating agreements (Requests 3, 8, 11, 13, 15, 18-20, 23-26); b) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Requests 11, 13, 15, 20, 23-26); and c) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Requests 3-5, 8-11, 13, 15-16, 18-21, 25, 28, 30-31) directly implicate ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and is thus relevant to Salesforce's license defense. *See supra* § II.A-B. Indeed, the WSOU Patent Litigation court's December 21, 2022 ruling granting Salesforce's request to compel the production of "[d]ocuments that are relevant to Mr. Etchegoyen's control of WSOU [Investments], including control of WSOU Holdings, LLC . . . , WSOU Capital Partners, LLC . . . , and Orange Holdings" reinforces the relevance of the discovery sought by the subpoena to OCO Capital. *See* Ex. 7 at 1.

### B. OCO Capital's Responses to the Subpoena Are Inadequate, Meritless, and Inapplicable

OCO Capital's boilerplate objections to the subpoena are insufficient to rebut Salesforce's showing of relevance. As a preliminary matter, courts disfavor boilerplate objections because they "do not comply with Fed. R. Civ. P. 34(b)." *United States v. Mass. Hous. Fin. Agency*, Civil Action No. 99-1343 (RCL), 2005 WL 8178349, at *3 (D.D.C. Aug. 23, 2005) (quoting *Athridge v. Aetna Cas. & Sur. Co.*, 184 F.R.D. 181, 190 (D.D.C. 1998)). Indeed, "[v]ague and conclusory assertions are not sufficient; rather, a showing of undue burden 'must be specific' and concrete." *Fairholme Funds, Inc. v. Fed. Hous. Fin. Agency*, No. 1:13-cv-1053-RCL, 2019 WL 5864595, at *2 (D.D.C. Nov. 8, 2019). In this instance, OCO Capital's response to the subpoena recites boilerplate objections with no examples or reasoning as to how they apply to each request or deposition topic. *See* Ex. 17 at 1-59. The Court should overrule these boilerplate objections for this reason alone. *See Mass. Hous. Fin. Agency*, 2005 WL 8178349, at *3 ("Specific objections

are required, because the requesting party and the court must be able to effectively evaluate the propriety of objections."); *see also Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 247 (M.D.N.C. 2010). Furthermore, as explained below, all the objections enumerated above—including the boilerplate objections—are meritless or inapplicable considering established facts and court rulings in the WSOU Patent Litigation.

C. **OCO Capital's Relevance Objections Are Meritless**

OCO Capital asserts numerous relevance objections without any support, thus rendering them inoperative. *See Kinetic Concepts*, 268 F.R.D. at 235-36, 247. Furthermore, OCO Capital's objections that the documents and testimony sought by the subpoena are not relevant to any claim or defense in the WSOU Patent Litigation and that the trial court has ruled that they are not discoverable are directly contradicted by the court's December 21, 2022 ruling granting Salesforce's request to compel "[d]ocuments that are relevant to Mr. Etchegoyen's control of WSOU [Investments], including control of WSOU Holdings, LLC . . . , WSOU Capital Partners, LLC . . . , and Orange Holdings[.]" Ex. 7 at 1. As explained above, documents and communications concerning a) the negotiation, drafting, and interpretation of the WSOU Investments operating agreements (Requests 3, 8, 11, 13, 15, 18-20, 23-26); b) ▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (Requests 11, 13, 15, 20, 23-26); and c) ▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇ (Requests 3-5, 8-11, 13, 15-16, 18-21, 25, 28, 30-31) directly implicate ▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and is thus relevant to Salesforce's license defense. *See supra* § II.A-B. Furthermore, OCO Capital's objection that the discovery sought is not proportional to the needs of the WSOU Patent Litigation is belied by the fact that in this litigation, WSOU Investments—helmed by Mr.

Etchegoyen as its chairman and ▮▮▮▮▮▮—has filed ten patent lawsuits against Salesforce seeking millions of dollars in damages, and that Salesforce's license defense is case dispositive. Accordingly, OCO Capital's relevance objections are meritless and should be overruled.

### D. The Objections That The Document Requests and Deposition Topics Are Vague and Ambiguous Are Also Without Merit

OCO Capital's response generally objects that each document request and deposition topic is "vague and ambiguous" and also specifically objects that the meaning of one or more terms within a request or topic is "vague[] and ambiguous." *See* Ex. 17 at 1, 3-59. But asserting that requests or terms are vague or ambiguous without any explanation is not a valid objection. *See Klayman v. Judicial Watch, Inc.*, Civil Action No. 06-670 (CKK)(AK), 2008 WL 11394169, at *3 (D.D.C. Mar. 12, 2008) (rejecting plaintiff's "boilerplate objections, such as vagueness, burden, relevance and privilege" because these boilerplate objections are "inconsistent with both the letter and the spirit of the Federal Rules of Civil Procedure"). Furthermore, most of the terms that OCO Capital asserts are vague and ambiguous—*e.g.*, "your," "Omega," "WSOU," and the names of other related third parties such as "Nokia," "AQUA," "Houlihan," and "BP Funding Trust"—are specifically defined within the subpoena. *See* Ex. 15 at 4-6 ("Attachment A"). In addition, OCO Capital also asserts this objection without any explanation against commonly used terms such as "relationship" (*i.e.*, "your relationship with Stuart A. Shanus . . .") and "value" (*i.e.*, "the value of the Asserted Patent"). *See* Ex. 17 at 29, 39. Accordingly, these objections should be overruled.

### E. The Objections That The Document Requests and Deposition Topics Are Overly Broad, Unduly Burdensome, Harassing, and Oppressive Are Without Merit and Improper

OCO Capital's response includes numerous unsupported objections that the document requests and deposition topics are "overly broad, unduly burdensome, harassing, and oppressive." *See* Ex. 17 at 2-59. "If there is an objection based on undue burden, the objecting party must make

a specific, detailed showing of how the discovery request is burdensome." *Thong v. Salon*, Civil Action No. 06-1807 (RCL)(AK), 2008 WL 11391660, at *1 (D.D.C. Dec. 1, 2008) (citing *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996)).  Often, "federal courts reject out of hand claims of burdensomeness which are not supported by a specific, detailed showing, usually by affidavit, of why weighing the need for discovery against the burden it will impose permits the conclusion that the court should not permit it." *Nat. Res. Def. Council v. Curtis*, 189 F.R.D. 4, 13 (D.D.C. 1999) (citing *Athridge*, 184 F.R.D. at 191); *see In re Motion to Compel Compliance with Subpoena Directed to Cooke Legal Grp., PLLC*, 333 F.R.D. 291, 295 (D.D.C. 2019).  And as the Court has explained, "[g]eneral objections or boilerplate objections 'do not comply with Fed. R. Civ. P. 34(b) and courts disfavor them.'" *Mass. Hous. Fin. Agency*, 2005 WL 8178349, at *3 (quoting *Athridge*, 184 F.R.D. at 190).  To the extent that OCO Capital asserts this objection on the basis that the discovery sought can be obtained from other sources, "Rule 45 does not require a party to demonstrate that information cannot be obtained from another party before subpoenaing it from a third party." *Ceuric v. Tier One, LLC*, 325 F.R.D. 558, 561 (W.D. Pa. May 17, 2018).  Accordingly, Orange's "overly broad, unduly burdensome, harassing, and oppressive" objections should be overruled.

### F. The Objections Based on Confidentiality and a Right of Privacy Are Invalid and Moot

OCO Capital's response objects that the discovery sought is "non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence" under unspecified laws and the "right of privacy under the United States Constitution." *See* Ex. 17 at 4-59.  The confidentiality related objections are invalid because "[t]here is no blanket privilege for proprietary information or trade secrets*." Paull Assocs. Realty, LLC v. Lexington Ins. Co.*, Civil Action No. 5:13-cv-80,

15

2014 WL 12596397, at *3 (N.D. W. Va. Jan. 9, 2014); *see also Barnett v. PA Consulting Grp.*, Civil Action No. 04-1245 (RWR), 2007 WL 845886, at *5 (D.D.C. Mar. 19, 2007) (overruling a magistrate judge's refusal to order production of non-privileged, private information because that information could be relevant). This objection is also moot because there is a standard protective order in the WSOU Patent Litigation that allows OCO Capital to designate the documents and testimony it produces pursuant to the subpoena as "Confidential" or "Confidential — Outside Attorneys' Eyes Only" (Ex. 19 at 6-7), and counsel for OCO Capital has already indicated that OCO Capital would likely agree to abide by the existing protective order. *See* Ex. 18 (12/27/22 M. Pietz email).

### G. The Privilege Objections Are Insufficient

"[G]eneral claims of privilege are inadequate" objections under the Federal Rules of Civil Procedure. *Klayman*, 2008 WL 11394169, at *3. OCO Capital objects to every document request and deposition topic based on the attorney-client privilege, work-product doctrine, and the common interest doctrine without any specifics. *See* Ex. 17 at 1-59. As such, these objections are insufficient to assert a privilege and should be overruled. *See Klayman*, 2008 WL 11394169, at *3. Furthermore, if responsive documents exist and have been withheld, OCO Capital is required to compile and serve Salesforce with a privilege log which complies with Rule 26(b)(5). *See id.* ("Plaintiff did not provide a privilege log or other means for the Court or opposing counsel to evaluate whether the materials sought were, in fact, subject to the enumerated privileges. . . . [T]he Court finds that Plaintiff's general claims of privilege are inadequate under Rule 26(b).").

### H. The Objection of Improper Service of Process Is Meritless

OCO Capital's objection of "improper service of process" fails to identify any defect with the service of the subpoena. *See* Ex. 17 at 1. In fact, the proof of service shows that the subpoena

was properly served on OCO Capital's registered agent. *See* Ex. 16. Thus, this objection is meritless and should be overruled.

**I.  The Objection to E-Discovery Is Inapplicable**

OCO Capital's objection that the trial "[c]ourt's Order Governing Proceedings does not require e-discovery" is inapposite because—by OCO Capital's own admission—the OGP does not apply to the subpoena. Indeed, when Salesforce sought to enforce the subpoena in the WSOU Patent Litigation, OCO Capital argued to the trial court that the OGP "has a Section IV that governs discovery disputes *between the parties*," and thus as a non-party it was "not subject to the OGP's expedited discovery procedures." Ex. 20 at 1 (emphasis in original). Accordingly, the Court should overrule OCO Capital's objection to searching and producing electronically stored information.

**J.  The Objection Regarding the Discovery of License Negotiations Is Inapplicable**

OCO Capital's objection that evidence of license negotiations is not discoverable is also inapposite because the subpoena does not seek discovery of license negotiations. *See* Ex. 15 at 13-17. And to the extent that OCO Capital objects to the production of documents and testimony regarding discussion of license negotiations between WSOU Investments and third parties ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, the case law cited by OCO Capital is inapposite because, unlike in those cases, Salesforce is not seeking such discovery as evidence of the value of the asserted patents in the WSOU Patent Litigation in a hypothetical negotiation. *See Sol IP, LLC v. AT&T Mobility LLC*, No. 2:18-cv-00526-RWS-RSP, 2020 WL 60140, at *3 (E.D. Tex. Jan. 6, 2020); *Mondis Tech., Ltd. v. LG Elecs., Inc.*, No. 2:07-CV-565-TJW-CE, 2011 WL 1714304, at *5 (E.D. Tex. May 4, 2011). Rather, the discovery sought by the subpoena is to show ▮▮▮▮▮

███████████████████████████████████████████

Accordingly, the Court should overrule this objection.

### K. The Objection That Salesforce Allegedly Failed to Meet-and-Confer in Good Faith on Deposition Topics Is Inaccurate

OCO Capital objects to the subpoena because it "purports to unilaterally mandate the matters for examination" and Salesforce allegedly "did not attempt to confer in good faith with [OCO Capital] . . . as required under Rule 30(b)(6)." Ex. 17 at 3. As shown above, Salesforce has repeatedly explained to counsel for OCO Capital in meet-and-confers how the discovery sought by the subpoena is relevant to Salesforce's license defense, and it has offered to further meet-and-confer to narrow the scope of the parties' dispute. *See supra* § II.D. In contrast, it is OCO Capital that refuses to comply with Rule 30(b)(6) and "designate one or more officers, directors, or managing agents, or . . . other persons who consent to testify on its behalf." Given OCO Capital's boilerplate objections, blanket refusal to provide a witness to testify on any of the deposition topics, and its refusal to meet-and-confer, OCO Capital's objection is meritless and should be overruled.

## V. CONCLUSION

For the foregoing reasons, Salesforce respectfully requests the Court grant this Motion and issue an order requiring OCO Capital to (1) immediately produce a copy of all ███████████ ████████████████████████████████████████████████████████████ (2) search for and produce all other responsive documents; and (3) provide a witness prepared to testify with respect to the topics set forth in the subpoena.

18

DATED: January 31, 2023            Respectfully submitted,

                                              QUINN EMANUEL URQUHART &
                                              SULLIVAN, LLP

By */s/ David Needham*
    David Needham (DC Bar No. 1017372)
    1300 I Street, NW, Suite 900
    Washington, D.C. 20005
    Phone: (202) 538-8000
    Fax: (202) 538-8100
    Email: davidneedham@quinnemanuel.com

    Kevin Johnson (*pro hac vice* forthcoming)
    Ray Zado (*pro hac vice* forthcoming)
    Sam Stake (*pro hac vice* forthcoming)
    Quinn Emanuel Urquhart & Sullivan, LLP
    555 Twin Dolphin Drive, 5th Floor
    Redwood Shores, CA 94065
    Telephone: (650) 801-5000
    Facsimile: (650) 801-5100
    Email: kevinjohnson@quinnemanuel.com
    rayzado@quinnemanuel.com
    samstake@quinnemanuel.com

*Attorneys for Salesforce, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2023, I caused the foregoing to be filed by sending an electronic copy to the Court's new case intake email at DCDml_intake@dcd.uscourts.gov. I further certify that a true and correct copy of the foregoing document was served on OCO Capital Partners LP, through its registered agent, via U.S. Mail at:

> Corporation Service Company
> 251 Little Falls Drive
> Wilmington, DE 19808

Additionally, a copy of the foregoing will be served via email on OCO Capital Partners LP and plaintiff in *WSOU Investments, LLC v. Salesforce, Inc.*, Case Nos. 6:20-cv-01163 to -01172 (W.D. Tex.) via their counsel as set forth below:

| | |
|---|---|
| Morgan E. Pietz | Jonathan K. Waldrop |
| Julie Goerlinger | Darcy L. Jones |
| *morgan@pstrials.com* | Heather S. Kim |
| *julie@pstrials.com* | Jessica C. Sutcliff |
| | Ryan A. Madden |
| | *jwaldrop@kasowitz.com* |
| Mark Siegmund | *djones@kasowitz.com* |
| Greg Love | *hkim@kasowitz.com* |
| *mark@swclaw.com* | *jsutcliff@kasowitz.com* |
| *greg@swclaw.com* | *rmadden@kasowitz.com* |
| | *WSOUvSalesforce@kasowitz.com* |

DATED: January 31, 2023.

/s/ *David Needham*